IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD F. KLINE, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOWARD R. YOUNG CORRECTIONAL )<br>INSTITUTION, )<br>CORRECTIONAL MEDICAL SERVICES,)<br>WARDEN RAPHAEL WILLIAMS, )<br>COMMISSIONER STAN TAYLOR, )<br>NURSING DEPARTMENT, )<br>)<br>Defendants. ) | Civil Action No. 06-678 SLR |

**MEMORANDUM ORDER**

At Wilmington this 17th day of November, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against the Howard R. Young Correctional Institution and Commissioner Stan Taylor are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Richard F. Kline, an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se. His motion for leave to proceed in forma pauperis status pursuant to 28 U.S.C. § 1915 is pending, but in light of his allegations of deliberate indifference to a serious medical need, the court will review and screen the complaint.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff alleges that he has several

herniated discs, spinal stenosis and is suicidal. He further alleges that despite doctors indicating his need for medication, Correctional Medical Services ("CMS") refuses to provide him with the appropriate medication. Plaintiff alleges that he has been left on concrete floors and in a fetal position for days on end. He alleges he attempted suicide three times but has yet to see a psychiatrist, and also that he has waited for six weeks without seeing a psychiatrist. Plaintiff further alleges that the nursing staff is inadequate and undertrained and he has been given medication meant for other inmates. Plaintiff alleges that he filed grievances and wrote to the warden regarding his medical issues with no results.

    5. Plaintiff names Commissioner Stan Taylor ("Commissioner Taylor") as a defendant, but there are no allegations in the complaint directed towards him. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Even though the complaint is construed liberally, it does not contain sufficient allegations to alert Commissioner Taylor of any alleged act or omission on his part in depriving plaintiff of adequate medical care.

    6. Plaintiff also names as a defendant the HRYCI. "Absent a state's consent, the Eleventh Amendment bars a civil rights

suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). Moreover, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Rodriquez v. Stevenson, 240 F.Supp.2d 58, 63 (D. Del. 2002).

7. Additionally, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100. Further, a state agency, such as the Delaware Department of Correction, which includes its correctional institutions such as the HRYCI, "is not a person" subject to claims under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The HRYCI is immune from suit and the court will dismiss it as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

8. **Conclusion.** Based upon the foregoing analysis, the claims against the Howard R. Young Correctional Institution and Commissioner Stan Taylor are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed with his claims against Correctional Medical Services, Warden Raphael Williams, and the Nursing Department. Plaintiff is

advised that when ordered by the court, he must provide the necessary documentation to proceed in forma pauperis and is forewarned that failure to promptly submit the necessary documentation may result in the case being dismissed.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants Correctional Medical Services, Warden Raphael Williams**, and the **Nursing Department,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants and the attorney general. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in

6

this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE