IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD F. KLINE, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-678 SLR |
| ) | |
| CORRECTIONAL MEDICAL SERVICES,) | |
| WARDEN RAPHAEL WILLIAMS, and ) | |
| NURSING DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of December, 2006, having considered plaintiff's motion for injunctive relief, and the papers submitted thereto;

IT IS ORDERED that the motion is denied, for the reasons that follow:

1. **Background.** Plaintiff, Richard F. Kline, Jr., an inmate housed at the Howard R. Young Correctional Institution ("HRYCI"), moves the court for emergency injunctive relief. (D.I. 8) The motion states that plaintiff spent "the better part of three weeks in the fetal position", always misses medication, is given medication not prescribed, was left "on the floor for an average of six hours," and has suicidal ideation. Id.

2. **Standard.** When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the

injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion.** Defendant Warden Raphael Williams ("Warden Williams") responds that plaintiff is being treated by the Mental Health Unit at HRYCI. (D.I. 15) Correctional Medical Services ("CMS") produced medical records for plaintiff and states that plaintiff has received more than adequate medical care. (D.I. 20)

4. Plaintiff filed his letter/motion on November 28, 2006. At the time, he was housed in the infirmary at HRYCI. (D.I. 15) Prior to the time of the filing, he was last seen by a psychiatrist on November 16, 2006. Plaintiff is currently taking a number of prescribed psychotropic medications. (D.I. 15, D.I. 19 at Ex. 4) Plaintiff relates a history of four suicide

attempts, none confirmed. (D.I. 15, 19 at Ex. 1)

5. Plaintiff was assessed on December 8, 2006, and on that date was placed on psychiatric close observation. (D.I. 19 at Ex. 3) As a precaution, it was a heightened observation level designated "PCO Level II." (D.I. 15, 19 at Ex. 3) CMS indicates that this was a suicide watch. (D.I. 16) Plaintiff was interviewed by the mental health director the morning of December 8, 2006, and at that time he stated he was "not suicidal," but depressed and had some suicidal ideation. (D.I. 19, Ex. 3) The mental health staff also reviewed plaintiff's medical records. Plaintiff was re-interviewed on December 10, 2006, discharged from the suicide watch, and returned to the infirmary on the same date. (D.I. 16, 19 at Ex. 3)

6. Other medical records produced by CMS indicate that a comprehensive mental health evaluation was performed on September 20, 2006, followed by an initial psychiatric evaluation on October 20, 2006. (D.I. 19 at Ex. 3) The records indicate that since September 2006, plaintiff has received medical treatment several times per week. (D.I. 19 at Exs. 2, 3, 4) In October, he was treated at a hospital for his lower back condition. (D.I. 19 at Ex. 4) Plaintiff was discharged from the infirmary, fell on November 4, 2006, and has since been readmitted to the infirmary. Id.

7. Given the exhibits submitted to the court, plaintiff has

not demonstrated the likelihood of success on the merits. The records indicate that, prior to the time he filed his motion for injunctive relief, plaintiff received mental health treatment as well as other medical treatment. Indeed, he was seen by a psychiatrist on November 16, 2006, and he is currently taking prescribed psychotropic medications. Moreover, defendants took immediate action upon learning that plaintiff has advised the court of his suicidal thoughts. There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of emergency injunctive relief.

8. **Conclusion.** Therefore, the motion for emergency injunctive relief is (D.I. 6) is **denied.**

United States District Judge